IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| vs. | ) |
| | ) CR 11-271 (See CA 15-563 & CA 15-564) |
| RICHARD SNYDER, | ) |
| | ) |
| Defendant/Petitioner. | ) |

**ORDER**

AND NOW, this 29th day of July, 2015, upon consideration of Petitioner Richard Snyder's pro se "Motion for Relief from Judgment Pursuant to Fed. R. Civ. P. Rule 60(b)(3), Rule 60(b)(4), and Rule (d)(3)" (Document Nos. 45 & 53), filed in the above-captioned matter on December 22, 2014, and Petitioner's pro se "Motion for Certification and/or Notification of Constitutional Challenge to Statute, Pursuant to Federal Rules of Civil Procedure, Rule 5.1" (Document Nos. 46 & 54), filed in the above-captioned matter on December 23, 2014, ("Motions") and upon further consideration of Petitioner's pro se response to the Court's Order to show cause why his Motions should not be dismissed for failure to file in a timely manner in accordance with 28 U.S.C. § 2255(f), entitled "Motion to Withdraw from Any and All Actions Under 28 U.S.C. § 2255" (Doc. No. 55), filed in the above-captioned matter on June 8, 2015,

IT IS HEREBY ORDERED that Petitioner's Motions are DISMISSED. IT IS FURTHER ORDERED that no certificate of appealability shall be issued.

### I. Background

On November 9, 2011, an indictment was returned by the Grand Jury charging Petitioner with receipt of child pornography, in violation of 18 U.S.C. § 2252(a)(2), and possession of child

pornography, in violation of 18 U.S.C. § 2252(a)(4)(B). On May 21, 2012, Petitioner pled guilty as to both counts. On September 13, 2012, the Court vacated Petitioner's conviction as to the second count, possession of child pornography, and dismissed said count as a lesser included offense. On that same date, the Court proceeded to sentence Petitioner as to Count One, receipt of child pornography, to a term of imprisonment of ninety-seven months, to be followed by a term of supervised release of five years. Judgment was entered on September 13, 2012, and no appeal was filed.

On December 22, 2014, Petitioner filed a pro se "Motion for Relief from Judgment Pursuant to Fed. R. Civ. P. Rule 60(b)(3), Rule 60(b)(4), and Rule (d)(3)" and a pro se "Motion for Certification and/or Notification of Constitutional Challenge to Statute, Pursuant to Federal Rules of Civil Procedure, Rule 5.1"[1] In its Order of March 2, 2015, the Court notified Petitioner that both Motions set forth improper bases for jurisdiction under the rules cited, but that they could be cognizable under a different remedial framework, namely, 28 U.S.C. § 2255. (Doc. No. 49). Therefore, the Court advised Petitioner that, in order to be able to consider the Motions, it intended to re-characterize them as motions filed pursuant to Section 2255. In accordance with United States v. Miller, 197 F.3d 644 (3d Cir. 1999), the Court also warned Petitioner that such re-characterization would mean that any subsequent Section 2255 motion would be subject to the restrictions on second or successive motions, so Petitioner was ordered to inform the Court whether he wished to proceed with the Motions as filed (but re-characterized as Section 2255 motions), amend the Motions so that they contain all the Section 2255 claims he believes he has, or withdraw the Motions. The Court alerted Petitioner that if he did not respond to the Court's

---

[1]  Additionally, on February 10, 2015, Petitioner filed a third pro se motion entitled, "Motion for Review of Sentence, Pursuant to 18 U.S.C. § 3742(a)(1)" (Doc. No. 47), in which he asked this Court to certify a constitutional question for presentation to the United States Supreme Court. Because Section 3742 does not permit this Court to "certify" a question to the Supreme Court, the Court denied the motion in its Order dated February, 26, 2015. (Doc. No. 48).

Order, the Court would proceed to re-characterize the Motions as Section 2255 motions and consider them as such.

Petitioner did not, however, respond to the Court as ordered. Instead, on April 1, 2015, he filed a response which was labeled a "Motion to Withdraw from Any and All Actions Under 28 U.S.C. § 2255," but which was, in substance, simply a notice of appeal. (Doc. No. 50). Because the Court had not yet ruled on Petitioner's Motions, there was no ruling to appeal, and because Petitioner's response did not advise whether he wished to proceed with, amend, or withdraw his Motions, the Court treated Petitioner's filing as non-responsive. Therefore, in its order of April 30, 2015, the Court again explained its intention to re-characterize Petitioner's Motions as motions filed pursuant to 28 U.S.C. § 2255. (Doc. No. 51). Additionally, the Court ordered Petitioner to show cause why it should not dismiss the Motions as untimely filed pursuant to § 2255(f),[2] and notified Petitioner that failure to respond would result in the Court dismissing the Motions. (Doc. No. 52). Petitioner again failed to respond as ordered by the Court, but filed another document on June 8, 2015, entitled, "Motion to Withdraw from Any and All Actions Under 28 U.S.C. § 2255." (Doc. No. 55). In that document, Petitioner again seeks to avoid having his Motions be considered as motions filed pursuant to Section 2255, and instead attempts to skirt the proper appeals procedure and skip directly to review by the Court of Appeals without this Court ruling on his claims.[3]

---

[2] The Court had notified Petitioner in its previous Order that there could be timeliness issues if the Motions were considered as Section 2255 motions. (Doc. No. 49, at 3 n.3).

[3] The Court also stated in its previous Order that, if the Court had not offered to treat Petitioner's Motions as motions filed pursuant to Section 2255, the Motions would have had to have been dismissed as they both set forth improper bases for jurisdiction. (Doc. No. 51, at 2 n.1). The Court did not, however, dismiss the Motions at that time.

3

## II. Discussion

Pro se pleadings are held to less stringent standards than formal pleadings drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520 (1972); Holley v. Dep't of Veterans Affairs, 165 F.3d 244, 247 (3d Cir. 1999). However, even a pro se plaintiff must be able to prove a "'set of facts in support of his claim which would entitle him to relief.'" Haines, 404 U.S. at 520-21 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

Accordingly, because Petitioner appears to be confused about the procedure that must be followed in order to seek an appeal, the Court has attempted to explain the relevant law in its previous orders. Nevertheless, Petitioner remains under the impression that, in following the procedure necessary to rule on the Motions that Petitioner himself has filed with this Court, the Court is attempting to prevent him from seeking an appeal before the Third Circuit. Petitioner flatly asserts in his most recent filing that the Court is erroneously attempting to require that he file an action under 28 U.S.C. § 2255, "in an attempt to continue to preside over its own wrongdoing," and that "the court may not preside over appeals from its own judgments." (Doc. No. 55, at 1).

What Petitioner continues to fail to understand is that there is nothing for him to appeal to the Court of Appeals until this Court has ruled on his Motions. In fact, rather than respond as ordered by the Court—at which time the Court would proceed to issuing a ruling—Petitioner has attempted to bypass the appropriate appeals process by declaring that he is taking his claims directly to the Court of Appeals. As previously noted, the Court has sought to remedy this problem by explaining to Petitioner that his Motions, if considered as filed and construed under the rules he cites, simply do not provide a basis for jurisdiction for the Court to vacate Petitioner's criminal conviction or sentence in this case, unless they are re-characterized as

motions filed pursuant to Section 2255. The Court further explained that, because the Motions were not filed within the 1-year limitation period provided in that statute, however, Petitioner had to to show cause why that limitation should not apply.

Specifically, 28 U.S.C. § 2255(f) provides that:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Despite the Court's clear instructions, Petitioner has failed altogether to address the timeliness issue and to respond appropriately to the Court's Order to show cause why it should not dismiss his Motions as untimely filed. As discussed, supra, judgment was entered in Petitioner's case on September 13, 2012, and no appeal was filed. Pursuant to Federal Rule of Appellate Procedure 4(b)(1)(A), Petitioner had 10 days from September 13, 2012, in which to file a notice of appeal.[4] Thus, the deadline for Petitioner to file a Section 2255 motion was, at the latest, October of 2013. The present Motions were filed well over one year past that

---

[4] "If a defendant does not pursue a timely direct appeal to the court of appeals, his or her conviction and sentence become final [within the meaning of 2255], and the statute of limitation begins to run, on the date on which the time for filing such an appeal expired." Kapral v. United States, 166 F.3d 565, 577 (3d Cir. 1999).

5

deadline, so subsection (1) is not helpful to Petitioner if applied in this case. There is also no indication in the record that subsections (2) or (3) are relevant here. As to subsection (4), Petitioner has not identified any facts supporting his claims which could have been discovered at a later date through the exercise of due diligence. Finally, Petitioner has not set forth any grounds for equitably tolling the limitations period, in that he has not demonstrated that he has been prevented from asserting his rights "in some extraordinary way" or that he exercised "reasonable diligence" in investigating and bringing his claims. See Miller v. New Jersey State Dep't of Corrections, 145 F.3d 616, 618-19 (3d Cir. 1998). Therefore, because Petitioner has failed to show that he can satisfy any of the criteria under Section 2255(f), nor has he demonstrated that the doctrine of equitable tolling should be invoked in his case, Petitioner's Motions, if re-characterized as motions filed pursuant to Section 2255, are untimely and should be dismissed.

Moreover, as explained in the Court's previous Orders, even if the Motions are not construed pursuant to Section 2255, the Court would have no jurisdiction to rule on them as filed, and they would have to be dismissed for lack of jurisdiction. First, in its Order of March 2, 2015, the Court explained to Petitioner that Federal Rule of Civil Procedure 60(b) is an inappropriate vehicle to vacate a criminal sentence. See United States v. Mortimer, 256 Fed. Appx. 468, 469 (3d Cir. 2007); United States v. Pope, 124 Fed. Appx 680, 682 (2d Cir. 2005); United States v. Wallace, 82 Fed. Appx. 701, 701 (1st Cir. 2003). The Court further explained that, as to both Motions, and regarding Civil Rules 60 and 5.1 in particular, the Federal Rules of Civil Procedure govern procedure in all civil actions and proceedings, but they do not apply in criminal cases and, therefore, do not provide a basis for jurisdiction for this Court to vacate Petitioner's criminal conviction or sentence here. The Court noted additionally that a Rule 60(b)

motion may be adjudicated on its merits when the factual predicate of the motion attacks the manner in which an earlier Section 2255 judgment was procured rather than the underlying sentence or conviction.  See United States v. Enigwe, 142 Fed. Appx. 642, 642-43 (3d Cir. 2005) (citing Pridgen v. Shannon, 380 F.3d 721, 727 (3d Cir. 2004)).  In this case, however, that rule does not apply because Petitioner has not filed any previous Section 2255 motions.

Finally, Petitioner has also attempted to style his challenge as something other than what would appropriately be considered as a Section 2255 motion by generally labeling the allegations in his motion "fraud upon the court," and citing to Federal Rule of Civil Procedure 60(d)(3). Fraud upon the court is, in fact, an argument that is completely distinct from a motion under Rule 60, and such claims must meet a necessarily demanding standard for proof.  See Herring v. United States, 424 F.3d 384, 386, 389-90 (3d Cir. 2005).  This standard includes:  "(1) an intentional fraud; (2) by an officer of the court; (3) which is directed at the court itself; and (4) in fact deceives the court."  Id. at 386.  Actions for fraud upon the court are extremely rare and "must be supported by clear, unequivocal and convincing evidence."  Id. at 386-87 (internal citation omitted).  Examples of such egregious conduct include bribery of a judge or jury or fabrication of evidence.  See id. at 390.

A reading of Petitioner's arguments, however, reveal that he is not actually making a claim of fraud upon the court; rather, the basis for Petitioner's claims is that the Court did not have jurisdiction in his case.[5]  Thus, despite his apparent desire to avoid having his Motions be considered as motions filed pursuant to Section 2255, and although he would evidently rather

---

[5] It should be noted that Petitioner's arguments are confused and frivolous, and rely on a general attack on the application of the Commerce Clause and the use of the Grand Jury in this country's legal system.  Nevertheless, Petitioner contends in essence that—although the Court lacked jurisdiction in this case because the federal courts only have jurisdiction on federal territory properly ceded to the United States—the United States, through its attorney, engaged in a manipulation of jurisdiction.

take his claims directly to the Court of Appeals without allowing this Court to first rule on them, Petitioner is simply raising jurisdictional arguments that, if he wished to make them, should have been brought in a timely manner using the appropriate procedure provided by Section 2255.

Thus, regardless of whether Petitioner's Motions are ruled on as filed, or whether they are re-characterized as motions filed pursuant to Section 2255, they should be dismissed. A plain reading of Petitioner's Motions reveals that he clearly wishes to bring an appeal to the Court of Appeals for the Third Circuit. Until this Court makes a ruling, however, there is nothing for him to appeal. In thus dismissing Petitioner's Motions, the Court is hereby issuing a final ruling, and whatever appeal rights Petitioner has, he may now pursue. It is not clear that Petitioner will be permitted to appeal his case, but he will now be free to seek a certificate of appealability from the Court of Appeals for the Third Circuit. This Court, however, will not issue a certificate of appealability under 28 U.S.C. § 2255 because Petitioner has not made a substantial showing of the denial of a constitutional right.

### III. Conclusion

Accordingly, for the reasons set forth above, Petitioner's Motions are dismissed.

s/ Alan N. Bloch
United States District Judge

ecf:    Counsel of record

cc:     Richard Snyder, Fed. Reg. No. 33243-068
        FCI Oakdale I
        Federal Correctional Institution
        P.O. Box 5000
        Oakdale, LA 71463