IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA


UNITED STATES OF AMERICA )
)
vs. )
) CR 11-271 (See CA 16-743)
RICHARD SNYDER, )
)
Defendant/Petitioner. )


## **ORDER**


AND NOW, this 31st day of August, 2016, upon consideration of Petitioner Richard

Snyder's pro se "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a

Person in Federal Custody" (hereinafter "motion") (Document No. 65), filed in the above-

captioned matter on June 6, 2016, and upon further consideration of Petitioner's pro se response

to the Court's Order to show cause why his motion should not be dismissed for failure to file in a

timely manner in accordance with 28 U.S.C. § 2255(f) (hereinafter "response") (Doc. No. 68),

filed in the above-captioned matter on July 12, 2016,

IT IS HEREBY ORDERED that Petitioner's motion is DISMISSED.  IT IS FURTHER

ORDERED that no certificate of appealability shall be issued.

## I.    **Background**

On November 9, 2011, an indictment was returned by the Grand Jury charging Petitioner

with receipt of child pornography, in violation of 18 U.S.C. § 2252(a)(2), and possession of child

pornography, in violation of 18 U.S.C. § 2252(a)(4)(B).  On May 21, 2012, Petitioner pled guilty

as to both counts.  On September 13, 2012, the Court vacated Petitioner's conviction as to the

second count, possession of child pornography, and dismissed said count as a lesser included

offense.  On that same date, the Court proceeded to sentence Petitioner as to Count One, receipt of child pornography, to a term of imprisonment of ninety-seven months, to be followed by a term of supervised release of five years.  Judgment was entered on September 13, 2012, and no appeal was filed.

On December 22, 2014, Petitioner filed a pro se "Motion for Relief from Judgment Pursuant to Fed. R. Civ. P. Rule 60(b)(3), Rule 60(b)(4), and Rule (d)(3)" and a pro se "Motion for Certification and/or Notification of Constitutional Challenge to Statute, Pursuant to Federal Rules of Civil Procedure, Rule 5.1"[1]  In its Order of March 2, 2015, the Court notified Petitioner that both motions set forth improper bases for jurisdiction under the rules cited, but that they could be cognizable under a different remedial framework, namely, 28 U.S.C. § 2255.  (Doc. No. 49).  Therefore, the Court advised Petitioner that, in order to be able to consider the motions, it intended to re-characterize them as motions filed pursuant to Section 2255.  In accordance with United States v. Miller, 197 F.3d 644 (3d Cir. 1999), the Court also warned Petitioner that such re-characterization would mean that any subsequent Section 2255 motion would be subject to the restrictions on second or successive motions, so Petitioner was ordered to inform the Court whether he wished to proceed with the motions as filed (but re-characterized as Section 2255 motions), amend the motions so that they contain all the Section 2255 claims he believes he has, or withdraw the motions.  The Court alerted Petitioner that if he did not respond to the Court's Order, the Court would proceed to re-characterize the motions as Section 2255 motions and consider them as such.

---

[1]     Additionally, on February 10, 2015, Petitioner filed a third pro se motion entitled, "Motion for Review of Sentence, Pursuant to 18 U.S.C. § 3742(a)(1)" (Doc. No. 47), in which he asked this Court to certify a constitutional question for presentation to the United States Supreme Court.  Because Section 3742 does not permit this Court to "certify" a question to the Supreme Court, the Court denied the motion in its Order dated February, 26, 2015.  (Doc. No. 48).

Petitioner did not, however, respond to the Court as ordered. Instead, on April 1, 2015, he filed a response which was labeled a "Motion to Withdraw from Any and All Actions Under 28 U.S.C. § 2255," but which was, in substance, simply a notice of appeal. (Doc. No. 50). Because the Court had not yet ruled on Petitioner's motions, there was no ruling to appeal, and because Petitioner's response did not advise whether he wished to proceed with, amend, or withdraw his motions, the Court treated Petitioner's filing as non-responsive. Therefore, in its order of April 30, 2015, the Court again explained its intention to re-characterize Petitioner's motions as motions filed pursuant to 28 U.S.C. § 2255. (Doc. No. 51). Additionally, the Court ordered Petitioner to show cause why it should not dismiss the motions as untimely filed pursuant to § 2255(f),[2] and notified Petitioner that failure to respond would result in the Court dismissing the motions. (Doc. No. 52). Petitioner again failed to respond as ordered by the Court, but filed another document on June 8, 2015, entitled, "Motion to Withdraw from Any and All Actions Under 28 U.S.C. § 2255." (Doc. No. 55). In that document, Petitioner again sought to avoid having his motions be considered as motions filed pursuant to Section 2255, and instead attempted to skirt the proper appeals procedure and skip directly to review by the Court of Appeals without this Court ruling on his claims.[3] While the Court did not re-characterize Petitioner's motions as motions filed pursuant to Section 2255, on July 29, 2015, the Court did dismiss those motions, and the Third Circuit subsequently affirmed. (Doc. Nos. 56 & 67).

On June 6, 2016, Petitioner filed his "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody." Since Petitioner filed this motion

---

[2]      The Court had notified Petitioner in its previous Order that there could be timeliness issues if the Motions were considered as Section 2255 motions. (Doc. No. 49, at 3 n.3).

[3]      The Court also stated in its previous Order that, if the Court had not offered to treat Petitioner's motions as motions filed pursuant to Section 2255, the motions would have had to have been dismissed as they both set forth improper bases for jurisdiction. (Doc. No. 51, at 2 n.1).

more than three years after judgment was entered in his case, the Court issued an Order on June 9, 2016, requiring him to show cause why his motion should not be dismissed as untimely. (Doc. No. 66). On July 12, 2016, Petitioner filed his response to the Court's Order. (Doc. No. 68).

**II.    Discussion**

Pro se pleadings are held to less stringent standards than formal pleadings drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520 (1972); Holley v. Dep't of Veterans Affairs, 165 F.3d 244, 247 (3d Cir. 1999). However, even a pro se plaintiff must be able to prove a "'set of facts in support of his claim which would entitle him to relief.'" Haines, 404 U.S. at 521 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

Petitioner brings his pro se motion pursuant to 28 U.S.C. § 2255, which permits a prisoner sentenced by a federal court to move the court that imposed the sentence to "vacate, set aside or correct the sentence" where: (1) "the sentence was imposed in violation of the Constitution or laws of the United States," (2) "the court was without jurisdiction to impose such sentence;" (3) "the sentence was in excess of the maximum authorized by law;" or (4) the sentence "is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Although a prisoner was previously able to file a Section 2255 motion at any time, the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132 ("AEDPA"), has imposed stringent requirements for seeking and obtaining collateral relief. The AEDPA amended Section 2255 to impose a one-year time limit on filing Section 2255 motions. Specifically, 28 U.S.C. § 2255(f) provides that:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
>
> (1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

As previously noted, final judgment in this case was entered on September 13, 2012, and Petitioner did not appeal his conviction or sentence.[4] Therefore, at the latest, the deadline for Petitioner to file a Section 2255 motion was October of 2013. The present motion was filed more than two years past that deadline, however, so subsection (1) does not apply in this case. There is also no indication in the record that subsections (2) or (3) are applicable to the issues currently under consideration in this case.

Instead, pursuant to subsection (4), Petitioner asserts in his motion that he is presenting newly discovered evidence. Accordingly, Petitioner was ordered to provide the Court with a clear description of this newly discovered evidence and an explanation as to why, based on this evidence, the one-year statute of limitations does not bar his motion. (Doc. No. 66, at 1). In his response to the Court's Order, however, Petitioner has simply supplied a few general statements and attached several documents, none of which appear to be related to his conviction.

---

[4] Pursuant to Federal Rule of Appellate Procedure 4(b)(1)(A), Petitioner had 14 days from September 13, 2012, in which to file a notice of appeal. "If a defendant does not pursue a timely direct appeal to the court of appeals, his or her conviction and sentence become final [within the meaning of § 2255], and the statute of limitation begins to run, on the date on which the time for filing such an appeal expired." Kapral v. United States, 166 F.3d 565, 577 (3d Cir. 1999).

For example, by way of introduction, Petitioner explains that he, "being himself a layman at law has just recently and is continually discovering the meaning of Due Process, as the concept relates to fact as well as law." (Doc. No. 68, at ¶ 1). Petitioner then asserts that he is attaching certain evidence that "Federal Law Enforcement Agencies do and/or have provided, Planted, and Actively Trade Child Pornography. . . . in an effort to bolster the Department of Justice's 80 billion dollar annual budget." (Doc. No. 68, at ¶ 3). In fact, Petitioner has attached an article concerning the government's alleged involvement in allowing child pornography websites to remain online for a period of time in order to catch users. (Doc. No. 68-1). Petitioner has also included a "flyer" concerning a blind man who was allegedly convicted on child pornography charges. (Doc. No. 68-1). Finally, Petitioner has attached to his motion a newspaper article regarding the FBI allegedly urging agents to keep secrets from each other. (Doc. No. 68-1). Petitioner has not, however, provided any explanation as to how these documents are related to his conviction, how these documents constitute newly discovered evidence or demonstrate facts supporting his claim, nor why, based on these documents, the one-year statute of limitations does not bar his motion. Accordingly, Petitioner has failed to show that these documents constitute newly discovered evidence sufficient to prevent the Court from dismissing Petitioner's motion as untimely.

As for any additional explanation provided in Petitioner's response, he asserts that "public awareness has made it Socially unacceptable to Arbitrarily Convict unlearned minorities under drug statutes," but that there has been a shift to "victimless sex charges," so the "Department of Justice, still targeting the nations minorities and working class who are not educated in law, has still, in light of relief for drug offenders, maintained an average prison population to supports its quotes required to maintain its 80 billion dollar annual budget." (Doc.

No. 68, at ¶ 5). Also, Petitioner states that the use of "Peer-to-Peer" programs makes it easy for Federal Agents to upload child pornography on private computers and then "simply request that a warrant be issued for the computer in which the agent has stored the illicit materials."[5] (Doc. No. 68, at ¶ 6). Regardless, Petitioner has failed to explain how these statements constitute new evidence showing facts supporting his claims, nor has Petitioner explained why, based on these statements, the statute of limitations does not bar his motion.

Accordingly, it is entirely unclear to the Court how these assorted documents and general statements impact the timeliness of Petitioner's Section 2255 claim. In fact, Petitioner barely addresses the issue of timeliness in his response. Quite simply, Petitioner has failed to identify any facts supporting his claim, discovered at a later date through the exercise of due diligence, nor has he provided an explanation as to why, based on such evidence, the one-year statute of limitations does not bar his motion. Moreover, the Court notes that Petitioner has not raised the issue of equitable tolling in his response, nor does the Court, based upon its own independent review of this case, find the existence of any basis for invoking the doctrine of equitable tolling here. As such, Petitioner has not satisfied any of the criteria under Section 2255(f) and, therefore, his motion is untimely.

### III. Conclusion

Accordingly, for the reasons set forth above, Petitioner's motion is dismissed. In thus dismissing Petitioner's motion, the Court is hereby issuing a final ruling, and whatever appeal rights Petitioner has, he may now pursue. It is not clear that Petitioner will be permitted to appeal his case, but he will now be free to seek a certificate of appealability from the Court of Appeals for the Third Circuit. This Court, however, will not issue a certificate of appealability

---

[5] In reference to this assertion, Petitioner cites to an Eighth Circuit case entitled United States v. Havlik, but he gives no actual case citation. The Court notes, however, that United States v. Havlik, 710 F.3d 818 (8th Cir. 2013), does not appear to support this statement.

under 28 U.S.C. § 2255 because Petitioner has not made a substantial showing of the denial of a constitutional right.

s/ Alan N. Bloch
United States District Judge

ecf:    Counsel of record

cc:     Richard Snyder, Fed. Reg. No. 33243-068
        FCI Oakdale I
        Federal Correctional Institution
        P.O. Box 5000
        Oakdale, LA 71463